IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKISHA COLE LINTON,<br><br>    Plaintiff,<br><br>  v.<br><br>AXCESS FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 23-cv-01832-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff Lakisha Cole Linton ("Linton") moves to remand her class action against Defendant Axcess Financial Services, Inc. ("Axcess") to the Alameda County Superior Court. Mot. to Remand (dkt. 14). Axcess moves to dismiss Linton's action for failure to join an indispensable party. Mot. to Dismiss (dkt. 8). Because the Court lacks equitable jurisdiction over Linton's restitution claim, and Linton lacks Article III standing to bring a claim for injunctive relief, the Court GRANTS Linton's the motion to remand and DENIES Axcess's motion to dismiss as moot.

**I.    BACKGROUND**

    **A.    Plaintiff's Allegations**

Linton, a California resident, obtained a $1,000 consumer loan from Axcess, an Ohio corporation. See Compl. (dkt. 1) ¶¶ 4–5, 14. Linton alleges that, because Axcess does not hold a license to make loans in California, it is subject to the 10% maximum interest rate limitations dictated by Article XV, § 1 of the California Constitution. See id. ¶ 8. Under the parties' Loan Agreement, Axcess set Linton's interest rate at an Annual Percentage Rate ("APR") of 214.41%, far exceeding the 10% maximum interest rate

1  permitted under California law.  Id. ¶ 15.  Linton brings claims under California's Unfair
2  Competition Law, Bus. & Prof. Code § 17200 et seq. ("UCL"), alleging that "[b]y
3  advertising, making, and/or servicing loans in California that carry interest rates exceeding
4  the maximum rate allowed by California law, Defendants have engaged in unlawful and/or
5  unfair business acts or practices, in violation of [the UCL]."  Id. ¶ 31.

### B. Procedural History

On February 24, 2023, Linton filed the putative class action complaint in the Alameda County Superior Court.  See Notice of Removal (dkt. 1) ¶ 5.  Axcess timely removed Linton's action pursuant to the Class Action Fairness Act ("CAFA").  See id. ¶¶ 2, 12; 28 U.S.C. § 1332(d).  Linton now moves to remand the case back to state court, while Axcess moves to dismiss Linton's action for failure to join an indispensable party. See Mot. to Remand at 5, 8; Mot. to Dismiss at 9.

## II. MOTION TO REMAND

### A. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction."  28 U.S.C. § 1441(a).  Under CAFA, federal courts have diversity jurisdiction over class actions where the amount in controversy exceeds $5 million.  Id. § 1332(d).  There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  This "means that the defendant always has the burden of establishing that removal is proper."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation marks omitted).  Any doubt regarding the legitimacy of the removal favors remanding the case to state court.  Id.

### B. DISCUSSION

Linton moves to remand the case to state court for two reasons: first, because the Court lacks equitable jurisdiction over her restitution and injunctive relief claims; second, because she lacks Article III standing to bring her claim for injunctive relief.  See Mot. to Remand at 5, 8.

2

### 1. Equitable Jurisdiction

Equitable jurisdiction, much like subject matter jurisdiction, is a limitation on federal courts. See Schlesinger v. Councilman, 420 U.S. 738, 754 (1975). Equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." Id. Although equitable jurisdiction is distinct from subject matter jurisdiction, both are "antecedent to hearing a claim on the merits." Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021). Therefore, whenever a federal court is presented with an equitable claim, it must first determine whether it possesses equitable jurisdiction before it can address the merits. See Guzman v. Polaris Indus., 49 F.4th 1308, 1314 (9th Cir. 2022).

In Sonner v. Premier Nutrition Corp., the Ninth Circuit held that traditional equitable principles derived from federal common law apply to UCL restitution claims. See 971 F.3d 834, 837 (9th Cir. 2020). In particular, Sonner held that a federal court in a diversity action does not have equitable jurisdiction to award restitution to a party under the UCL unless that party first establishes that they lack an adequate remedy at law. See id. at 844. Importantly, courts in this Circuit have extended Sonner's inadequate-remedy-at-law requirement not only to equitable claims filed in federal court, but also to those removed from state court. See, e.g., Slick v. CableCom, LLC, No. 22-CV-03415-JSC, 2022 WL 4181003, at *1, 3 (N.D. Cal. Sept. 12, 2022); Heredia v. Sunrise Senior Living LLC, No. 8:18-CV-01974-JLS-JDE, 2021 WL 819159, at *3 (C.D. Cal. Feb. 10, 2021).

#### a. Equitable Jurisdiction over Linton's Claim for Restitution

Here, Axcess does not dispute that, under Sonner, the Court has no equitable jurisdiction over Linton's restitution claim—nor could it. See Opp'n to Remand at 7. Linton did not allege in her complaint that she lacked an adequate remedy at law. See Compl. Linton argues that, while she could have sought legal remedies, such as damages for usury, she elected not to do so. See Mot. to Remand at 5. Therefore, under Sonner, the Court does not have equitable jurisdiction over Linton's restitution claim. But the Court must still decide whether Sonner applies to Linton's claim for injunctive relief.

### b. Equitable Jurisdiction over Linton's Claim for Injunctive Relief

In Sonner, the Ninth Circuit did not explicitly address whether Sonner's equitable jurisdiction requirements applied exclusively to restitution or to all equitable remedies, including injunctive relief. See 971 F.3d at 842. Courts applying Sonner are split on its applicability to injunctive relief claims. See Kryzhanovskiy v. Amazon.com Servs., Inc., No. 2:21-CV-01292-DAD-BAM, 2022 WL 2345677, at *4 (E.D. Cal. June 29, 2022) (noting split in authority).

Some courts have held that Sonner's equitable jurisdiction requirement applies to injunctive relief just as it does any equitable remedy, dismissing or remanding claims when there is an adequate remedy at law. See, e.g., In re MacBook Keyboard Litig., No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("[N]othing about the Ninth Circuit's reasoning [in Sonner] indicates that the decision is limited to claims for restitution."). Courts extending Sonner to claims for injunctive relief have done so "primarily in cases where monetary damages could compensate for the harm suffered, such as overpayment for defective or falsely advertised products." Kryzhanovskiy, 2022 WL 2345677, at *4; see also In re MacBook, 2020 WL 6047253, at *3 ("Courts generally hold that monetary damages are an adequate remedy for claims based on an alleged product defect, and reject the argument that injunctive relief requiring repair or replacement is appropriate.").

Many other courts post-Sonner, however, have held that "[m]oney damages are an inadequate remedy for [the] future harm" only remediable by injunctive relief. Andino v. Apple, Inc., No. 2:20-cv-01628-JAM-AC, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021); see also Zeiger v. WellPet LLC, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) (holding that even if Sonner were to apply to injunctive relief, monetary damages would still be an inadequate remedy because damages compensate consumers for past purchases, whereas injunctive relief ensures that one can rely on a defendant's representations in the future). In Zeiger, Judge Orrick reasoned that "simply having any remedy at law is not sufficient to foreclose equitable relief; instead, the remedy must be adequate." Id.

Therefore, while the availability of monetary damages forecloses certain types of injunctive relief, including specific performance of a contract, "California's consumer protection laws permit courts to issue injunctions that serve different purposes and remedy different harms than retrospective monetary damages." Id. These courts hold that Sonner does not bar plaintiffs' claims for injunctive relief under the UCL.[1]

In accord with the latter line of caselaw, Axcess contends that Sonner is specifically limited to restitution claims and does not preclude claims for injunctive relief to prevent future harm. See Opp'n to Remand at 4–5. The Court agrees—while monetary damages would compensate Linton for past loans acquired from Axcess under the allegedly unlawful interest rates, they would not guarantee that Linton (or other borrowers) can avoid these interest rates in the future. Because retrospective monetary damages will not prevent the future harm only remediable by an injunction ordering Axcess to stop issuing loans with unfair interest rates, the Court declines to extend Sonner's inadequate-remedy-at-law requirement to Linton's injunctive relief claim. Therefore, the Court has equitable jurisdiction over Linton's claim for injunctive relief.[2]

### 2. Article III Standing

Although the Court retains equitable jurisdiction over Linton's claim for injunctive relief, Linton must also have Article III standing to bring her claim for injunctive relief in federal court. See Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018).

---

[1] See also Rice v. Kimberly-Clark Corp., No. 2:21-cv-01519-DAD-KJN, 2022 WL 16804522, at *4 (E.D. Cal. Nov. 8, 2022); Gross v. Vilore Foods Co., Inc., No. 20-cv-0894-DMS-JLB, 2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020); See Andino, 2021 WL 1549667, at *5; Brooks v. Thomson Reuters Corp., No. 21-cv-01418-EMC, 2021 WL 3621837, at *10–11 (N.D. Cal. Aug. 16, 2021); Dekker v. Vivint Solar, Inc., No. C 19-07918 WHA, 2022 WL 827246, at *3–4 (N.D. Cal. Mar. 18, 2022)

[2] Although few courts have addressed equitable jurisdiction requirements under Sonner specifically on a motion to remand, Linton relies on Guthrie, 561 F.Supp.3d at 879–81 and Clevenger v. Welch Foods, Inc., No.: SACV 23-00127-CJC (JDEx), 2023 WL 2390630, at *3–6 (N.D. Cal. Mar. 7, 2023), both of which remanded UCL injunctive relief claims back to state court based on a lack of equitable jurisdiction. See Mot. to Remand at 6–8. But neither Guthrie (which only involved a claim for restitution) nor Clevenger squarely address Sonner's application to injunctive relief. In contrast, Zeiger examined whether monetary damages serve as an "adequate" substitute for injunctive relief under California's consumer protection laws under Sonner, before ultimately concluding that they do not. See Zeiger, 526 F. Supp. 3d at 687.

To demonstrate Article III standing, a plaintiff must establish (1) that she has suffered an injury in fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her injury would likely be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). To have standing to bring a claim for injunctive relief, a plaintiff must plead a "threat of injury [that is] actual and imminent, not conjectural or hypothetical." Davidson, 889 F.3d at 967 (quoting Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). Past wrongs, by themselves, are insufficient to establish standing for injunctive relief. See id. Rather, the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). In the context of a consumer protection class action, a plaintiff must plausibly allege that she intends to purchase the product in the future. See Davidson, 889 F.3d at 969–71. "As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." Id. at 970 n.6.

      Following Davidson, courts in this Circuit have held that a plaintiff's intention to purchase a product in the future is necessary to establish Article III standing for injunctive relief. See, e.g., Lanovaz v. Twinings N. Am., Inc., 726 F. App'x 590, 591 (9th Cir. 2018) (holding that a plaintiff's statement that she would "consider buying" the defendant's products does not satisfy Article III standing requirements for injunctive relief). Additionally, courts in this Circuit have consistently held that Davidson's Article III standing requirements do not exclusively apply to cases filed in federal court, but also to cases that originated in state court and were then removed to federal court. See, e.g., Benton v. CVS Pharmacy, Inc, 604 F. Supp. 3d 889, 893 (N.D. Cal. 2018) (remanding for lack of Article III standing for injunctive relief after determining that "plaintiffs express no interest in ever purchasing homeopathic products in the future . . . [which] is necessary to establish Article III standing"); Turnier v. Bed Bath & Beyond Inc., No. 3:21-CV-1008-L-MSB, 2021 WL 3022430, at *2 (S.D. Cal. July 16, 2021) (remanding after determining that the plaintiff failed to demonstrate a "sufficient likelihood" of future harm necessary

for Article III standing for injunctive relief); Takahashi-Mendoza v. Coop. Regions of Organic Producer Pools, No. 22-CV-05086-JST, 2023 WL 3856722, at *3 (N.D. Cal. May 19, 2023) (denying a motion to dismiss for lack of Article III standing because plaintiff alleged she "would consider purchasing Defendant's [product if it was produced] in a manner consistent with its advertising").

Linton's complaint alleges no imminent or actual threat of future harm. Axcess points to Linton's allegations in her complaint that "she has suffered harm and that such purported acts of unfair competition 'will continue' '[u]nless enjoined and restrained by this Court,'" as a basis for Article III standing. Opp'n to Remand at 10 (quoting Compl. ¶ 35). But this statement does not indicate Linton's intention to obtain another loan from Axcess, which is what Davidson requires. There is thus no likelihood that Linton will be harmed in the future by Axcess's allegedly unlawful interest rates.

Because Linton alleges no intention to obtain another loan from Axcess—even at a reasonable rate—she has no Article III standing to bring her claim for injunctive relief. See Davidson, 889 F.3d at 970–72; see also In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig., No. 20-15742, 2021 WL 3878654, at *2–3 (9th Cir. Aug. 31, 2021); Lanovaz, 726 F. App'x at 591.

Because the Court lacks equitable jurisdiction over Linton's restitution claim and Linton lacks Article III standing to bring her claim for injunctive relief, the Court remands the case back to state court.[3]

### III.  MOTION TO DISMISS

Axcess moves to dismiss Linton's action for failure to join CCBank, which it argues

---

[3] The Court remands the case (as opposed to dismissing for lack of jurisdiction) for two reasons. First, courts consistently remand cases initially filed in state court and later found to lack equitable jurisdiction under Sonner. See, e.g., Guthrie, 561 F. Supp. 3d at 877–80; Clevenger, 2023 WL 2390630, at *5–6. Second, in Davidson, after the case was removed from state court under CAFA and subsequently determined to lack Article III standing, the Ninth Circuit remanded the case. See 889 F.3d at 970 n.8 (citing Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.")). Remand is therefore appropriate here.

is an indispensable party.  See Mot. to Dismiss at 4–9.  Because the Court grants Linton's motion to remand, Axcess's motion to dismiss is denied as moot.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Linton's motion to remand and DENIES as moot Axcess's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 30, 2023



CHARLES R. BREYER
United States District Judge