IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKISHA COLE LINTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AXCESS FINANCIAL SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-01832-CRB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

On June 30, 2023, the Court filed an order remanding this case back to the Alameda County Superior Court for lack of subject matter jurisdiction, and a few days later, the clerk filed the notice of remand. See dkt. 23–24. Defendant Axcess Financial Services, Inc. ("Axcess") brings a motion for leave to file a motion for reconsideration, arguing the Court erred in deciding that Plaintiff Lakisha Cole Linton ("Linton") lacked Article III standing to bring her claims for injunctive relief in federal court. See Mot. (dkt. 25). Because the Court lacks jurisdiction over this already-remanded action, Axcess's motion is DENIED.

Typically, "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988); see also 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). The Ninth Circuit has understood § 1447(d) "to preclude not only appellate review but also reconsideration by the district court." Id.

1   However, when a party seeks removal under the Class Action Fairness Act of 2005

2   ("CAFA"), as Axcess did here, a limited exception applies:

3   
4   
5   
6   
> Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

7   28 U.S.C. § 1453(c)(1). Accordingly, this limited exception allows a party to appeal a

8   grant or denial of a motion to remand an action under CAFA, if it does so "not more than

9   10 days after entry of the order." Id.  While Axcess has filed its motion for leave to file a

10  motion for reconsideration, it has filed no petition to appeal. Because the Court's order

11  granting remand was filed on June 30, Axcess has failed to avail itself of the limited

12  exception outlined in § 1453(c). As such, the Court retains no jurisdiction over any motion

13  for reconsideration.

14      In its motion for leave, Axcess cites two cases, Sup. Ct. of Cal. v. Kinney, No. 3:15-

15  CV-01552-LB, 2015 WL 3833321, at *3 (N.D. Cal. June 19, 2015), and Baron v. Johnson

16  & Johnson, No. SACV 14-1531 JGB SPX, 2014 WL 7272229, at *2 (C.D. Cal. Dec. 17,

17  2014), for the general proposition that "[d]istrict courts retain jurisdiction to reconsider

18  remand orders." Mot. at 5. Neither of these cases is applicable, nor do they stand for such

19  a broad proposition. In Kinney, the court decided that the action was not removable under

20  28 U.S.C. § 1443, and actions removed under that provision explicitly are reviewable

21  under 28 U.S.C. § 1447(d). Kinney, 2015 WL 3833321, at *2; see also 28 U.S.C. §

22  1447(d) ("An order remanding a case to the State court from which it was removed is not

23  reviewable on appeal or otherwise, except that an order remanding a case to the State court

24  from which it was removed pursuant to section 1442 or 1443 of this title shall be

25  reviewable by appeal or otherwise."). And in Baron, the movant filed a timely petition to

26  appeal to the Ninth Circuit under 28 U.S.C. § 1453(c), which Axcess has failed to do here.

27  Baron, 2014 WL 7272229, at *3.

28      While the Ninth Circuit has not opined on the issue and district courts are split,

compare, e.g., Weaver v. Amentum Servs., Inc., No. 22-CV-00108-AJB-NLS, 2022 WL 3447511, at *4 (S.D. Cal. Aug. 17, 2022), with, e.g., Hender v. Am. Directions Workforce LLC, No. 219CV01951KJMDMC, 2021 WL 2577030, at *1–2 (E.D. Cal. June 23, 2021), the Court concludes that the line of cases holding that district courts lack jurisdiction to decide motions for reconsideration under § 1453(c) is more persuasive. After all, "[a]dopting [Axcess's] position here would give greater weight to an exception inferred from reading between the lines of § 1453(c) to find text Congress did not include, rather than to the combined heft of (1) longstanding circuit precedent limiting a district court's post-remand jurisdiction and (2) this court's own pre-remand decision that it lacks jurisdiction over this case." LaCasse v. USANA Health Scis., Inc., No. 2:20-CV-01186-KJM-AC, 2021 WL 877643 (E.D. Cal. Mar. 9, 2021). Accordingly, Axcess's motion for leave to file a motion for reconsideration is DENIED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: July 17, 2023



CHARLES R. BREYER
United States District Judge

3